NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0010n.06

No. 25-1208

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jan 06, 2026
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN |
| v. | ) ) | |
| RAEKWON UNDRAL JACKSON, | ) ) | |
| Defendant-Appellant. | ) ) | OPINION |

Before: McKEAGUE, GRIFFIN, and THAPAR, Circuit Judges.

GRIFFIN, Circuit Judge.

Raekwon Undral Jackson pleaded guilty to felon in possession of a firearm. The district court sentenced him to 51 months of imprisonment, at the bottom of his Guidelines range. Jackson argues that his sentence is substantively unreasonable because the district court placed unreasonable weight on the need to deter further criminal conduct. We disagree and affirm.

I.

Duane Malory, a known gang member, streamed a video on Facebook Live that showed him driving around Kalamazoo, Michigan with a handgun on his lap. Law enforcement officers saw the video and went to investigate. They found Malory in his vehicle at a gas station, with Jackson as his passenger. The officers attempted to make contact with them, but Malory suddenly reversed the vehicle and crashed into the gas station store. He then pulled forward, struck several police vehicles, and fled. The officers pursued.

Eventually, Malory slowed down, and Jackson jumped out. Jackson dropped something, picked it back up, and ran. An officer gave chase. While running, Jackson reached into his waistband, pulled out a firearm, and tossed it into a nearby garbage can. Officers eventually apprehended him, and a search of his person revealed 65.89 grams of marijuana and a digital scale. Officers also recovered the firearm Jackson threw. It matched the firearm in Malory's Facebook video. The firearm had an extended magazine and a Glock switch, which, with some modification, allowed it to fire fully automatic.

A grand jury indicted Jackson for being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1), and possession of a machinegun in violation of 18 U.S.C. § 922(o). Jackson pleaded guilty to violating § 922(g)(1). The district court, after assessing enhancements for possessing marijuana and obstructing justice, determined Jackson had a criminal history category of II and a total offense level of 23. The Guidelines range was 51 to 63 months of imprisonment.

At sentencing, Jackson moved for a downward variance. Jackson emphasized that he had taken steps to better himself, which included getting a job, removing himself from negative influences, and participating in therapy. The district court commended Jackson for his behavior but denied the motion. The district court noted, however, that Jackson's history, prior conviction for illegal firearm possession, previous probation violation, and the facts surrounding the present offense would typically warrant a sentence at the middle or top end of the Guidelines range. But having "taken into consideration everything [his] attorney and [he had] talked about and [the] positive steps that [he had] taken," the district court noted it would sentence Jackson to the "bottom of the [G]uidelines." The district court then sentenced Jackson to a term of 51 months of imprisonment. Jackson timely appealed.

II.

Jackson argues only that his within-Guidelines sentence is substantively unreasonable. We review a district court's sentence for substantive reasonableness using the deferential abuse-of-discretion standard. *United States v. Evers*, 669 F.3d 645, 661 (6th Cir. 2012). A district court abuses its discretion if it "arbitrarily selected the sentence, based the sentence on impermissible factors, failed to consider pertinent § 3553(a) factors, or gave an unreasonable amount of weight to any pertinent factor." *United States v. Robinson*, 892 F.3d 209, 213 (6th Cir. 2018) (quoting *United States v. Cunningham*, 669 F.3d 723, 733 (6th Cir. 2012)). A within-Guidelines sentence is presumptively reasonable. *United States v. Vonner*, 516 F.3d 382, 389–90 (6th Cir. 2008) (en banc).

A.

Jackson argues that the district court placed too much weight on the need to deter him from future conduct associated with firearms when sentencing him. Although the instant offense involved a firearm, as did his previous felony conviction, Jackson disputes that he regularly possessed firearms. In support, Jackson asserts that he possessed the firearm in this case for only a short moment and that the firearm was Malory's, not his. Jackson also contends that the district court did not adequately consider his positive behavior while on bond.[1]

The district court did not abuse its discretion when sentencing Jackson. It first weighed the nature and circumstances of the offense. Although Jackson possessed the firearm for only a

---

[1] Jackson also suggests that the district court erred in not addressing that Malory received a 30-month state sentence. We have explained, however, that § 3553(a)(6) requires a district court to look only to federal "national disparities . . . not disparities between codefendants" or disparities between federal and state sentences. *United States v. Bass*, 17 F.4th 629, 636–37 (6th Cir. 2021) (citation modified). Jackson identifies no authority that would have required the district court to address Malory's state sentence.

moment, the offense was serious. The firearm was loaded and equipped with an extended magazine and switch. And Jackson possessed both marijuana and a scale at the same time, which is suggestive of drug dealing.[2] Further, he fled the scene with the firearm, before discarding it into a garbage can in a residential area. Although his possession was brief, the district court recognized that Jackson's conduct exacerbated the dangerousness of the situation. Deterring Jackson from future conduct associated with firearms was thus an appropriate consideration for the district court.

Even so, Jackson argues that the district court considered deterrence too much while ignoring other relevant sentencing factors. But the district court specifically noted that Jackson's positive behavior while on bond was the overriding factor for a lower sentence at the bottom of the Guidelines. And rather than ignoring any mitigating factors, the district court spoke extensively about them. Specifically, the district court commended Jackson on having completed high school, having letters of support, articulating goals and plans for the future, and "for starting down this path of getting a job, and when that job went away originally, getting another." It also commended Jackson for seizing the opportunity to participate in the halfway house and bettering himself with that support. Further, the district court observed that a poor environment and negative associations contributed to Jackson's mistakes.

The record reflects that the district court thoughtfully considered the § 3553(a) factors, including the need for deterrence and the positive steps Jackson had already taken, before sentencing him at the bottom of the Guidelines range. Jackson's argument "ultimately boils down to an assertion that the district court should have balanced the § 3553(a) factors differently," but this is "simply beyond the scope of our appellate review." *United States v. Sexton*, 512 F.3d 326,

---

[2] The district court recognized that Jackson possessed a legal amount of marijuana under Michigan law. But it emphasized that marijuana remains illegal under federal law, and it is the combination of a firearm with Jackson's apparent drug dealing that aggravated the offense.

332 (6th Cir. 2008) (quoting *United States v. Ely*, 468 F.3d 399, 404 (6th Cir. 2006)). We therefore conclude that Jackson's within-Guidelines sentence is not substantively unreasonable.

\* \* \*

We affirm the judgment of the district court.